**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GERMAN MARQUEZ,                           :
                                          :     Civil Action No. 12-1125 (ES)
            Petitioner,                   :
                                          :
        v.                                :     **OPINION**
                                          :
ERIC H. HOLDER, JR., et al.,              :
                                          :
            Respondents.                  :

**APPEARANCES:**

Petitioner pro se
German Marquez
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105

Counsel for Respondents
Daniel Shay Kirschbaum
Assistant United States Attorney
District of New Jersey
970 Broad Street
Suite 700
Newark, NJ 07102

**SALAS**, District Judge

    Petitioner German Marquez, an alien detainee currently confined at Essex County Correctional Facility in Newark, New Jersey,[1] has submitted a petition for a writ of habeas corpus

---

[1] Although Essex County Correctional Facility is Petitioner's record address, the Online Detainee Locator System of the Bureau of Immigration and Customs Enforcement reflects that Petitioner is currently confined at the South Texas Detention Facility. The Court notes that both Petitioner and

pursuant to 28 U.S.C. § 2241.[2] (Petition, D.E. No. 1). The sole proper respondent is Warden Roy L. Hendricks.[3]

Because it appears from a review of the parties' submissions that Petitioner is not entitled to relief, the Petition will be dismissed or, in the alternative, denied.

## I.  BACKGROUND

Petitioner German Marquez is a native and citizen of El Salvador who entered the United States without inspection in either 2000 or 2001. (Petition, D.E. No. 1, ¶ 1; Answer, D.E.

---

Respondent are under a continuing obligation to promptly advise the Court of any change in Petitioner's custody. Neither Petitioner nor Respondent have advised the Court of any change in Petitioner's place of confinement. In an exercise of caution, this Court will order this Opinion and Order served on Petitioner at both his record address and at the South Texas Detention Facility.

[2] Section 2241 provides in relevant part:

(a)  Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . .

(c)  The writ of habeas corpus shall not extend to a prisoner unless-- . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

[3] Petitioner also has named various remote federal officials as respondents. As the only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the prisoner is being held, this Petition will be dismissed with prejudice as to all Respondents except Warden Roy L. Hendricks. See Rumsfeld v. Padilla, 542 U.S. 426 (2004); Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994).

No. 11, Decl. of Keith Cozine, ¶ 4; Ex. F, Oral Decision of The Immigration Judge at 1 (June 27, 2011)).

The United States Bureau of Immigration and Customs Enforcement ("ICE") became aware of Petitioner's unlawful presence in the United States in October 2008, after Petitioner was arrested and charged with violation of certain New Jersey drug trafficking statutes. (Answer, Cozine Decl., ¶¶ 6, 7). On October 7, 2008, ICE issued a "Notice to Appear" alleging that Petitioner was not lawfully within the United States. (Answer, Cozine Decl., Ex. C).

On July 10, 2009, Petitioner was convicted of distribution of cocaine in violation of New Jersey Statutes 2C:35-5A(1) and 2C:35-5B(2), and was sentenced to a seven-year term of imprisonment. (Answer, Cozine Decl., Ex. D). On September 28, 2010, ICE took custody of Petitioner and served him with the October 8, 2008, "Notice to Appear," charging him with removability pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, for being an alien present in the United States without having been admitted or paroled. (Answer, Cozine Decl. ¶ 9 & Ex. C).

On June 27, 2011, an Immigration Judge denied all of Petitioner's applications for relief and ordered that he be removed to El Salvador. (Answer, Cozine Decl., Ex. F). On July

5, 2011, Petitioner appealed to the Board of Immigration Appeals, which dismissed his appeal on October 12, 2011, at which time the order of removal became administratively final. (Answer, Cozine Decl., Ex. G).

On October 27, 2011, ICE sent the Consul General of El Salvador a formal request for a travel document. (Answer, Cozine Decl., Ex. H.) The record does not contain the Consul General's response.

Petitioner met with consular officials several times; however, Respondent asserts that Petitioner thwarted his removal by telling consular officials that he had an appeal pending and by asking them not to issue travel documents. Respondent asserts that consular officials have represented that they will not issue Petitioner's travel documents until the appeal is adjudicated.[4]

---

[4] The only support for these assertions are (1) copies of various Notices for Failure to Comply accusing Petitioner of asking the Consulate not to issue a travel document while his Petition for Review was pending and (2) a statement in the Declaration of Deportation Officer Keith Cozine that:

> I was informed by fellow ICE staff that Mr. Marquez has been taken to the El Salvador Consulate multiple times to be interviewed for his travel document, including on November 14, 2011, but each time he has thwarted removal by telling the consular officials that he has an appeal pending. Even though Mr. Marquez has exhausted his appeals, the El Salvador Consulate has continuously refused to issue a travel

On November 16, 2011, Petitioner filed a Petition for Review and a Motion for stay of removal with the Court of Appeals for the Third Circuit. See Marquez v. Attorney General, No. 11-4148 (3d Cir.).[5] On December 21, 2011, the Court of Appeals denied the Motion for stay. On September 24, 2012, the Court of Appeals issued its mandate denying the Petition for Review. Accordingly, Petitioner's appeals are now concluded.

Petitioner asserts that his prolonged detention is unconstitutional and that he is entitled to a bond hearing.[6]

---

document to Mr. Marquez until his "appeal" is adjudicated.

(Answer, Decl. of Keith Cozine, ¶ 15, Exs. L, O). Petitioner did not file a Reply disputing the Respondent's characterization of these events.

[5] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition. See Fed. R. Evid. 201; S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

[6] To the extent Petitioner seeks to challenge his pre-removal-order detention pursuant to 8 U.S.C. § 1226, any such claim became moot when the order of removal became administratively final and Petitioner became confined pursuant to 8 U.S.C. § 1231. See Rodney v. Mukasey, 340 Fed. App'x 761 (3d Cir. 2009); De La Teja v. United States, 321 F.3d 1357, 1361-63 (11th Cir. 2003). Accordingly, this Court will dismiss with prejudice any claim arising out of pre-removal-order detention and will proceed to consider only the constitutionality of Petitioner's current post-removal-order confinement.

Respondent counters that Petitioner's detention has been prolonged only because he has persisted in seeking relief for which he is statutorily ineligible and because he has refused to cooperate in effectuating his own removal. Petitioner did not reply in support of his Petition. Accordingly, this matter is now ready for decision.

## II.   RELEVANT STATUTES

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings.

8 U.S.C. § 1231(a) governs "post-removal-order" detentions. Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i)   The date the order of removal becomes administratively final.
>
> (ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

"An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon

dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a).

Here, as Petitioner's Motion for a stay was denied by the Court of Appeals, the removal period began on October 12, 2011, the date his order of removal became administratively final.

### III. ANALYSIS

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition. Petitioner also asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c), and that it violates his due process rights. See

Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Bonhometre v. Gonzales, 414 F.3d 442, 445–46 (3d Cir. 2005).

B.  Petitioner's Detention

The Supreme Court addressed the constitutionality of the post-removal-order detention provision, § 1231(a)(6), in Zadvydas. 533 U.S. at 678 (holding that extended post-removal-order detention under § 1231(a)(6) is subject to a temporal reasonableness standard). That is, the government may not detain indefinitely an alien ordered removed, but may detain such an alien only for a period reasonably necessary to secure his removal. More specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable. Clark v. Martinez, 543 U.S. 371 (2005) (Zadvydas holding applies to aliens deemed inadmissible to the United States).

Thus, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. Zadvydas, 533 U.S. at 701.

To state a claim under Zadvydas, the six-month presumptively-reasonable removal period must have expired at the

8

time the Petition is filed; a prematurely-filed petition must be dismissed without prejudice to the filing of a new Petition once the removal period has expired. See Akinvale v. Ashcroft, 287 F.3d 1050, 1051 (11th Cir. 2002); Hall v. Sabol, No. 12-0967, 2012 WL 3615464, at *3 (M.D. Pa. Aug. 21, 2012); Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1363 (N.D. Ga. 2002); Monpremier v. Chertoff, No. 05-384, 2007 WL 909575, at *5 (N.D. Fla. Mar. 21, 2007). Here, Petitioner submitted his Petition on February 21, 2012, only four months after his removal period began on October 12, 2011. Thus, this claim is not yet ripe. See, e.g., Ferrer-Chacon v. Dep't of Homeland Security, No. 06-4452, 2006 WL 3392930, at *2 (D.N.J. 2006). Accordingly, the Petition must be dismissed without prejudice as premature. In the alternative, the Petition is meritless.

As an initial matter, Respondent asserts that this Court should find that Petitioner is still within the 90-day removal period because of his failure to cooperate. (Answer 9-11); see 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days . . . if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."). However, the only "evidence" of lack of cooperation

that Respondent has provided are unattributed hearsay statements. Accordingly, Respondent has not established that Petitioner has failed to cooperate.

Thus, the Court is left to consider the propriety of Petitioner's detention based solely on the passage of time. Only four months of the removal period had passed when Petitioner originally submitted this Petition. As of this writing, approximately fifteen months have passed.

Federal courts disagree as to the extent to which the passage of time can suffice to meet the alien's burden. Compare Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1365-68 (N.D. Ga. 2002) (mere passage of time insufficient to meet alien's burden of proof), with Seretse-Khama v. Ashcroft, 215 F. Supp. 2d 37, 48-54 (D.D.C. 2002) (continued detention for over three years, coupled with eight-month delay since INS last contacted destination country, suffices to meet alien's burden); Lema v. U.S. I.N.S., 214 F. Supp. 2d 1116, 1118 (W.D. Wash. 2002), aff'd on other grounds, 341 F.3d 853 (9th Cir. 2003) (where destination country's lack of response to request for travel documents is combined with INS inability to explain silence and absence of any indication that situation may change, continued detention would be unreasonable, but where destination country's failure to respond suggests nothing more than "bureaucratic

inertia," removal remains "foreseeable").[7]

In addition, in assessing whether an alien has made the required showing, it must be remembered that, while the Supreme Court in Zadvydas emphasized that the expiration of the six-month presumptively-reasonable period of detention did not mandate release, it also stated that as the period of detention grows "what counts as the 'reasonably foreseeable future' conversely shrinks."  533 U.S. at 701 (citation omitted).

Here, Petitioner's post-removal-order detention is not so long, even as of this writing, as to establish that removal is no longer foreseeable.  There is no dispute that Petitioner met with consular officials while his Petition for Review was pending before the Court of Appeals.  There is at least a suggestion that consular officials are awaiting the conclusion of appeals to consider the request for travel documents.  In

---

[7] See also Kacanic v. Elwood, No. 02-8019, 2002 WL 31520362, at 1 (E.D. Pa. Nov. 8, 2002) (passage of one year, coupled with inaction of foreign embassy and INS admission that efforts to obtain travel documents have been "fruitless," suffices to meet alien's burden); Khan v. Fasano, 194 F. Supp. 2d 1134, 1136-37 (S.D. Cal. 2001) (where alien has been in post-removal order custody for ten months, and meeting is scheduled with destination country to discuss request for travel documents, delay alone is not sufficient to meet alien's burden; however, alien granted leave to re-file petition in six months' time if his removal has not then been effectuated); Okwilagwe v. INS, No. 01-1416, 2002 WL 356758, at *2 (N.D. Tex. Mar. 1, 2002) (passage of eleven months without action by destination country sufficient to meet alien's burden, even where destination country orally promised travel documents "in a few days," but failed to provide them over period of two months).

light of the recent conclusion of Petitioner's appeals, he has failed to meet his burden to establish an entitlement to relief at this time.

## IV.  CONCLUSION

For the reasons set forth above, Petitioner's challenge to his pre-removal-order detention will be dismissed as moot. Petitioner's challenge to his post-removal-order detention will be dismissed as premature or, in the alternative, denied, without prejudice to Petitioner filing a new petition should his detention become unreasonably prolonged in the future. An appropriate order follows.

*s/Esther Salas*
Esther Salas
United States District Judge

Dated: January 23, 2013